NOT FOR PUBLICATION                                          CASE CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERMON HEARN,<br><br>                             Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY DISABILITY ADMINISTRATION; HUDSON COUNTY CHILD SUPPORT ENFORCEMENT UNIT; and ATTORNEY LONNY HIRSCH,<br><br>                             Defendants. | Civil Action No. 07-2870 (SDW)<br><br>**OPINION AND ORDER**<br><br>October 10, 2007 |

**WIGENTON**, District Judge.

Before this Court is Plaintiff Hermon Hearn's ("Plaintiff") *pro se* Complaint against Defendants Commissioner of Social Security Disability Administration, Hudson County Child Support Enforcement Unit (collectively, "Defendants") and attorney Lonny Hirsch ("Hirsch"). Plaintiff has also made application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, and for the appointment of *pro bono* counsel.

The Court, having considered Plaintiff's submissions and for the reasons set forth below, **DENIES** Plaintiff's application to proceed *in forma pauperis*, **DISMISSES** Plaintiff's Complaint with prejudice as frivolous under U.S.C. 1915(e)(2) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and offers

1

no opinion and does not reach the merits of Plaintiff's application for appointment of *pro bono* counsel.

I.  **FACTS and PROCEDURAL HISTORY**

Plaintiff filed the instant Complaint in the United States District Court for the Eastern District of New York, No. 1:07-cv-02285-NG-LB, on May 31, 2007, alleging, *inter alia*, that $4,283.20 in child support payments were improperly garnished by Defendants from his Social Security benefits. Plaintiff claims he is entitled to reimbursement in this amount from Defendants - not from the individuals that actually received his child support payments (i.e., Annie Washington, on behalf of his son Travis Washington). (Pl.'s Compl. ¶ 7.) Plaintiff further seeks reimbursement of the $400 fee he paid his former attorney Mr. Hirsch to represent him on the putative basis of legal malpractice. (Pl.'s Compl. ¶ 6.)

Plaintiff references an August 26, 2005 decision by New Jersey Superior Court Judge Salvatore Bovino, who held that Plaintiff had overpaid his child support obligation in the foregoing amount and ordered that any garnishment be stopped immediately. Plaintiff now moves to have Defendants compensate him for his overpayment and for Hirsch to repay him.

On June 12, 2007, the matter was transferred to the United States District Court for the District of New Jersey on grounds of improper venue pursuant to 28 U.S.C. § 1406(a).

II.  **DISCUSSION**

Pursuant to 28 U.S.C. § 1915(a), a federal court may authorize the commencement of a civil lawsuit without prepayment of the requisite fees provided that a plaintiff submits to the court documentation demonstrating that she or he is unable to pay such fees. The court may deny an application to proceed *in forma pauperis* if plaintiff fails to submit the required financial


information or fails to demonstrate entitlement to *in forma pauperis* relief. Pursuant to 28 U.S.C. § 1915(e)(2), the court may also deny an application to proceed *in forma pauperis* if the underlying complaint is frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Plaintiff in the instant matter has indicated that his only income is $648.70 per month from Social Security Administration disability and Supplemental Security Income. Nevertheless, he has failed to submit any financial information in support of the foregoing statement or any other asset and income information. Therefore, Plaintiff does not qualify for *in forma pauperis* relief and his application is denied.

Assuming the Court were to grant Plaintiff's application for *in forma pauperis* relief, Plaintiff's claims are subject to dismissal as frivolous and for failure to state a claim upon which relief can be granted under the above cited precedent. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the Plaintiff. <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975); <u>Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.</u>, 140 F.3d 478, 483 (3d Cir. 1998). The court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint should be dismissed "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." <u>Trump</u>, 140 F.3d at 483. While the complaint is to be construed in the light most favorable to the plaintiff, the court need not accept the plaintiff's legal conclusions or draw unwarranted factual inferences.

Lewis v. ACB Business Services, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). *Pro se* complaints are to be interpreted liberally, and should only be dismissed for failure to state a claim when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972)).

In the present case, as Plaintiff's claims are frivolous and he can prove no set of facts under which he is entitled to the relief on any of his claims, Plaintiff's Complaint is **DISMISSED** with prejudice.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. § 1915, Plaintiff's Complaint is **DISMISSED** in its entirety with prejudice as frivolous under U.S.C. 1915(e)(2) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court offers no opinion and does not reach the merits of Plaintiff's application for appointment of *pro bono* counsel and the Clerk of the Court shall remove this case from the Court's active docket.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.